UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES PATRICK WHITE,

    Plaintiff,

v.   Case No: 2:24-cv-529-JES-NPM

R. TABIL,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Defendant R. Tabil's Motion to Dismiss Amended Complaint (Doc. #25). Plaintiff James Patrick White is a prisoner of the Florida Department of Corrections ("FDOC"). He sues Sergeant Tabil under 42 U.S.C. § 1983 and the Eighth Amendment. Tabil argues the Court should dismiss White's Amended Complaint because he failed to exhaust administrative remedies.

In his Amended Complaint, White alleges his cellmate raped him on January 28, 2024. While the cellmate was asleep, White reported the rape to Tabil and asked to be removed from the cell and provided medical attention. Tabil refused White's request and instead wrote a disciplinary report against White. The report stated that White stuck his arm through the food flap in his cell door and refused to remove it despite several verbal orders. After a hearing, a disciplinary team found White guilty of tampering

with a security device and imposed 60 days of disciplinary confinement. White claims he was so traumatized by Tabil's response that he had the dosages of two psychotropic medication prescriptions increased. He sues Tabil in his individual capacity and seeks compensatory damages and declaratory and injunctive relief.

Under the Prison Litigation Reform Act (PLRA), before a prisoner may bring a claim challenging the conditions of his confinement, he must exhaust available administrative remedies. 42 U.S.C. § 1997e. The purpose of administrative exhaustion "is to put the administrative authority on notice of all issues in contention and to allow the authority an opportunity to investigate those issues." Chandler v. Crosby, 379 F.3d 1278, 1287 (11th Cir. 2004) (cleaned up). The PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

In Ross v. Blake, the Supreme Court recognized that under the PLRA, inmates "must exhaust available remedies, but need not exhaust unavailable ones." 578 U.S. 632, 642 (2016). The Court gave three examples of unavailability: (1) the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved

inmates[;]" (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use[;]" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 643-44.

The Eleventh Circuit has established a two-step process for deciding a motion to dismiss for failure to exhaust administrative remedies:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed…
>
> If the complaint is not subject to dismissal at the first step, where plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008).

The Florida legislature delegated the establishment of administrative remedies for aggrieved inmates to the FDOC. Chandler, 379 F.3d at 1287. The FDOC created a three-step grievance process. To exhaust it, a prisoner must (1) file an informal grievance to the responsible staff member; (2) file a

formal grievance with the warden's office; and (3) appeal the formal grievance to the Secretary of the FDOC.  Id. at 1288. Inmates may bypass the informal grievance step in some instance, like when filing a grievance of a disciplinary action.  Fla. Admin. Code 33-103-006(3)(b).

There is no factual dispute relating to exhaustion here. Both parties rely on the informal and formal grievances, appeals, and responses attached to White's Amended Complaint.  White filed two formal grievances about the disciplinary action for tampering with a security device.  An FDOC official returned the first—formal grievance 2402-510-082—without action because it violated the rules by addressing multiple issues.  (Doc. #15-2 at 10). White appealed to the secretary, arguing his grievance did not address multiple issues but rather provided context surrounding the disciplinary report and hearing.  The appeal was returned without action.  (Id. at 16).

White filed formal grievance 2402-510-130 as an amended challenge to the disciplinary action.  After reviewing the evidence, FDOC officials denied the grievance and declined to overturn the hearing team's decision.  (Id. at 14).  The secretary's representative returned White's appeal without action because White filed the formal grievance after the time permitted by the rules.  (Id. at 20).

White also filed an informal grievance accusing Tabil of ignoring his rape claim. An FDOC official determined the grievance was duplicative of formal grievance 2402-510-130 and returned it without action. (Id. at 5). White disputed the response in a formal grievance, arguing his informal grievance was distinct from his challenge to the disciplinary action. FDOC officials returned the formal grievance without action for bypassing the informal grievance step. (Id. at 6). White's appeal to the secretary was returned without action because the informal grievance was found noncompliant at the institutional level. (Id. at 25).

Tabil argues White failed to exhaust administrative remedies because he did not successfully complete the grievance process—every appeal he submitted to the secretary was returned without action. But FDOC officials made the grievance process unavailable to White by making it a dead end. Officials put White in a catch-22. White could not raise the Eighth Amendment claim in his formal grievances challenging the disciplinary action because grievances may not address multiple issues. But when White filed an informal grievance solely regarding his Eighth Amendment claim, officials rejected it as duplicative of the disciplinary action grievance.

The Court finds that White exhausted the administrative procedure available to him. He gave FDOC officials notice of his

Eight Amendment claim and a fair opportunity to investigate it. White satisfied the PLRA's exhaustion requirement.

Accordingly, it is hereby

**ORDERED:**

Plaintiff Defendant R. Tabil's Motion to Dismiss Amended Complaint (Doc. 25) is **DENIED**. Tabil must answer the Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of April 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
All parties